**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219* *412/644-3500*

August 20, 2026

Frankie Exler, Esquire
Shrager Defense Attorneys
437 Grant Street, Suite 617
Pittsburgh, PA 15219

Re: United States of America v.
Emily Roberts
Criminal No. 26-192

Dear Ms. Exler:

This letter sets forth the agreement by which your client, Emily Roberts, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Emily Roberts and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Emily Roberts will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A. The defendant, Emily Roberts, agrees to the following:

1. The defendant will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 26-192, charging the defendant with violating 18 U.S.C. § 1344, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct. The amount of restitution may not necessarily be the same as the amount of loss for the purpose of determining the offense level under the Sentencing Guidelines. Although the Court will determine the recipients, amounts, times, and terms of restitution payments, the parties agree to make the recommendations set forth in Part C of this agreement.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

3. The defendant will immediately notify the Court and the United States of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

4. If the Court imposes a fine or restitution as part of a sentence of incarceration, Emily Roberts agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

5. At the time Emily Roberts enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Emily Roberts agrees to file amended individual income tax returns for herself for tax years 2019 through 2025 with the Internal Revenue Service no later than the date of sentencing. She understands that this plea agreement does not resolve any civil tax liability she may owe, including the liabilities as reported on her amended individual income tax returns.

7. Emily Roberts waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

8. Emily Roberts waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a) If the United States appeals from the sentence, Emily Roberts may take a direct appeal from the sentence.

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Emily Roberts may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

9. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Emily Roberts in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Emily Roberts and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Emily Roberts is:

(a) A term of imprisonment of not more than 30 years;

(b) A fine of not more than $1,000,000, or twice the gross gain or loss from the offense, whichever is greater;

(c) A term of supervised release of not more than 5 years;

(d) A special assessment under 18 U.S.C. § 3013 of $100; and

(e) Mandatory restitution under 18 U.S.C. §§ 3663, 3663A, and 3664.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. The Court shall determine the amount of restitution for which Emily Roberts is liable and the times and terms of payment. Subject to the final authority of the Court, the parties agree to the following recommendations:

(a) Emily Roberts is liable for a total of $1,893,750 in restitution to [redacted]

4. The parties stipulate that, pursuant to § 2B1.1(a)(1), the applicable base offense level for Count One under the U.S. Sentencing Guidelines is 7, and that the applicable loss amount for Guidelines purposes under § 2B1.1(b)(1) is $1,893,750. The parties disagree as to whether defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense and therefore disagree about whether an enhancement is applicable under § 2B1.1(b)(17). The parties agree that the defendant meets the criteria laid out at § 4C1.1(a)(2)-(11) and therefore is entitled to a 2-level reduction under § 4C1.1 if she meets the criteria listed in § 4C1.1(a)(1). The parties agree that other than the provisions discussed in Paragraphs B.2 and C.4 of this agreement, no other adjustments to the defendant's offense level in Chapters Two or Three of the Sentencing Guidelines is applicable. These stipulations represent the parties' best understanding on the basis of the information available as of the date of this agreement. These stipulations are not binding on the Court and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Emily Roberts or the defendant's property.

6. The defendant agrees, as conditions of this Plea Agreement, not to (i) commit any additional federal, state, or local crime; (ii) violate any condition of release; (iii) fail to appear for sentencing; (iv) provide information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or (v) otherwise breach this Plea Agreement.

   If the defendant acts contrary to any of the conditions set forth in the above paragraph at any time between the signing of this Plea Agreement and sentencing, the United States will be released from its obligations under this Plea Agreement. In that circumstance, the United States may seek, and the Court may impose, a longer term of imprisonment, a longer term of supervised release, and/or a larger fine than agreed upon. The defendant will remain bound by the terms of this Plea Agreement and will not be allowed to move to withdraw his plea of guilty. The United States may also reinstate previously dismissed or reduced charges, and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

   Any alleged breach of this Plea Agreement shall be determined by agreement of the parties or by the Court. If determined by the Court, a

breach of this Plea Agreement shall be established by a preponderance of the evidence.

7. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Emily Roberts and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

WILLIAM B. GUAPPONE
Assistant United States Attorney

I have received this letter from my attorney, Frankie Exler, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

EMILY ROBERTS

10-2-26
Date

Witnessed by:

FRANKIE EXLER, ESQUIRE
Counsel for Emily Roberts